IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BONITA WORLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-1449-GMS |
| | ) | Cr. A. No. 01-65-2-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

---

Bonita Worley. *Pro se* petitioner.

Keith M. Rosen, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

Dec. 4 , 2006
Wilmington, Delaware

**SLEET, District Judge**

## I. INTRODUCTION

Petitioner Bonita Worley ("Worley") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 136.) The Government filed its answer in opposition, and Worley responded. (D.I. 143; D.I. 146.) For the reasons discussed, the court will deny Worley's § 2255 motion without holding an evidentiary hearing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On May 28, 2002, a federal jury convicted Worley of one count of conspiracy to commit mail fraud (18 U.S.C. § 371), one count of mail fraud (18 U.S.C. § 1341), one count of money laundering (18 U.S.C. § 1956(a)(1)(B)(I)), and one count of conspiracy to commit money laundering (18 U.S.C. § 1956(h)). The court sentenced Worley to four concurrent terms of 37 months imprisonment, followed by three years of supervised release, a $400 special assessment, and joint and several liability for restitution in the amount of $90,775. The Third Circuit Court of Appeals affirmed Worley's conviction and sentence. *United States v. Worley*, 94 Fed. Appx. 44 (3d Cir. Mar. 23, 2004). Worley filed a petition for the writ of certiorari, and the United States Supreme Court denied that petition on October 4, 2004. *Worley v. United States*, 543 U.S. 864 (2004).

On October 22, 2004, Worley filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The Government filed its response, and Worley replied.[1] (D.I. 146; D.I. 147.)

---

[1]Worley filed her § 2255 motion *pro se*, but an assistant federal public defender filed the reply to the Government's answer.

## III. DISCUSSION

Pursuant to 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the Untied States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A federal court may deny a § 2255 motion without holding an evidentiary hearing if the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy,* 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255.

Worley asserts one claim in her § 2255 motion, namely, that her sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004) because the court applied sentencing enhancements on facts not specifically found by the jury.[2] Although Worley cites *Blakely* as the relevant authority, the issue she raises challenges the court's application of the federal sentencing guidelines and is more appropriately raised pursuant to *United States v. Booker,* 543 U.S. 220 (2005). *See Lloyd v. United States*, 407 F.3d 608, 611 (3d Cir. 2005). Therefore, the court will review the claim pursuant to *Booker*.

---

[2]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255; *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616, 619 n.1 (3d Cir. 1998). In Worley's case, AEDPA's one-year filing period began to run on October 5, 2004, the day after the United States Supreme Court denied her petition for the writ of certiorari. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Wilson v. Beard*, 426 F.3d 653, 662-63 (holding that Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period). Thus, Worley's § 2255 motion is timely.

The Third Circuit Court of Appeals has held that "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* was issued." *Lloyd*, 407 F.3d at 616. Here, the record clearly shows that Worley's judgment of conviction became final on October 4, 2004, well before the *Booker* decision was issued. *See Kapral*, 166 F.3d at 577 (a judgment of conviction becomes final when the Supreme Court denies a petition for the writ of certiorari). Accordingly, the court will deny Worley's § 2255 motion because *Booker* does not apply to her case.

## IV. CONCLUSION

For the reasons stated, the court has concluded that it must dismiss Worley's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Additionally, the court will not issue a certificate of appealability because Worley's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. *See* 28 U.S.C. § 2253(c)(2)(A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; Local App. R. 22.2. The court shall issue an appropriate order.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BONITA WORLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-1449-GMS |
| | ) | Cr. A. No. 01-65-2-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

1. Petitioner Bonita Worley's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED, and the relief requested therein is DENIED. (D.I. 136.)

2. The court declines to issue a certificate of appealability because Brown has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dec. 4, 2006
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

