Case header: Case 1:01-cr-00065-GMS Document 155 Filed 02/06/07 Page 1 of 4 PageID #: 66

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BONITA WORLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 04-1449-GMS |
| ) | Cr. A. No. 01-65-2-GMS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

## I. BACKGROUND

On May 6, 2005, petitioner Bonita Worley filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255. (D.I. 147.) Worley's motion indicates that she was originally incarcerated at FCI Danbury in Connecticut pursuant to a 2003 criminal sentence issued by this court, and that the Bureau of Prisons ("BOP") transferred her to FDC Philadelphia in Pennsylvania on February 9, 2005. Worley asserts one ground for relief, namely, that the BOP should have transferred her to a half-way house located in Wilmington, Delaware rather than to FDC Philadelphia, and she asks the court to order the BOP to place her in a half-way house or release her from imprisonment.

## II. DISCUSSION

As an initial matter, the court must determine whether Worley's motion falls within the purview of 28 U.S.C. § 2255 or 28 U.S.C. § 2241. A federal prisoner's challenge to the legality of her underlying conviction or sentence is properly asserted pursuant to 28 U.S.C. § 2255 in the

sentencing court. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). However, a federal prisoner's request for a transfer or change in the type of detention challenges the execution of her sentence, which is properly asserted pursuant to 28 U.S.C. § 2241. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001 )("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence"); Randy Hertz & James Liebman, Federal Habeas Corpus Practice and Procedure, § 41.2b, pp. 1713-22 (4th ed. 2001); *Quezadaruiz v. Nash*, 2005 WL 1398503, at *3 (D.N.J. Jun. 14, 2005); *Serafini v. Dodrill*, 325 F. Supp. 2d 535, 536 (M.D.Pa. 2004); *Gambino v. Gerlinski*, 96 F. Supp. 2d 456 (M.D.Pa. 2000).

In the instant situation, Worley's claim regarding the BOP's allegedly erroneous transfer challenges the execution of her sentence in the federal prison system rather than the legality of her conviction. Accordingly, the court construes Worley's motion to be a request for habeas corpus relief pursuant to 28 U.S.C. § 2241.

It is well-settled that a § 2241 petition must be filed in the federal district court in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442-443 (2004); *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 495 (1973); *see United States v. Jack,* 774 F.2d 605, 607 n.1 (3d Cir. 1985). According to her motion, Worley is incarcerated in Pennsylvania, not in Delaware. Therefore, the court will dismiss her § 2241 motion without prejudice for lack of jurisdiction.[1]

---

[1] Although the court has discretion to transfer the motion to another federal district court "in which the action . . . could have been brought at the time it was filed or noticed," the court concludes that the interests of justice do not warrant a transfer in these circumstances. 28 U.S.C. §1631; *see also* 28 U.S.C. § 1406(a); *Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

2

## III. CONCLUSION

For the foregoing reasons, the court will dismiss Worley's § 2241 motion without prejudice.[2] The court shall issue an appropriate order.

Date: Feb. 6, 2007

_____
United States Judge

---

[2] The court does not address the certificate of appealability issue because Worley's motion is filed pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. 2253(c)(1)(B); *see, e.g., Lara v. Smith*, 2006 WL 3326745, at *2 n.2 (3d Cir. Nov. 16, 2006)(explaining that a certificate of appealability is not necessary for a § 2241 motion)(non-precedential).

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BONITA WORLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-1449-GMS |
| | ) | Cr. A. No. 01-65-2-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

At Wilmington, this 6th day of Feb, 2007, consistent with the Memorandum issued this same day;

IT IS HEREBY ORDERED that:

Bonita Worley's motion for a transfer to a half-way house filed pursuant to 28 U.S.C. § 2241 is DENIED without prejudice. (D.I. 147.)

_____
UNITED STATES DISTRICT JUDGE



FILED

FEB - 6 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE